

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-5859
Re: If an election held for
dissolution of consolidated
school district results in
a tie vote, how soon there-
after may another election
be held? And related ques-
tions.

We have your letter of recent date in which you re-
quest an opinion on the questions submitted by Mr. Arkan
Crawford in the following letter:

"If an election is held for the dissolution
of a consolidated school district and said election
results in a tie vote, how soon thereafter can por-
tion of district seeking dissolution petition for
and hold another election. And are only residents
of that portion of district allowed to participate
in the voting, and if election for dissolution car-
ries will the bonded indebtedness have to be appor-
tioned and they assume their part of indebtedness.

"    . . ."

The only authority we find in the statutes for the
dissolution of a consolidated district is Article 2815, Ver-
non's Revised Civil Statutes, which Article reads as follows:

"Such consolidated districts may in the same
manner provided for their consolidation, be dissolved
and the districts included therein restored to their
original status, except that it shall not be neces-
sary to provide polling places in each district.
Each such district when so restored shall assume

and be liable for its pro rata part of the outstanding financial obligations of the consolidated district, such pro rata part to be based on the relation the total assessed valuation of all property in the district bears to the total assessed valuation of property in the consolidated district, as shown by the assessment rolls of the district for the current year. No election for the dissolution of said consolidated districts shall be held until three (3) years have elapsed after the date of the election at which such districts were consolidated.

"On the petition of twenty (20), or a majority of the legally qualified voters of any common school district, or independent school district, praying for the withdrawal from a consolidated district, if three (3) years have elapsed after the date of the election at which such districts were consolidated, the County Judge shall give notice of the date of such election by publication of the order in some newspaper published in the county for twenty (20) days prior to the date on which such elections are ordered, or by posting a notice of such election in the district desiring the election. The Commissioners' Court shall at its next meeting canvass the returns of such election, and if the votes cast in said district show a majority in favor of withdrawing from the consolidation, the Court shall declare the district severed and it shall be restored to its original status. Each such district when so restored shall assume and be liable for its pro rata part of the outstanding financial obligations of the consolidated district, such pro rata part to be based on the relation the total assessed valuation of all property in the district bears to the total assessed valuation of property in the consolidated district, as shown by the assessment rolls of the district for the current year."

We do not find any requirement in the statute for any lapse of time when an election fails with respect to when another election may be ordered, and you are therefore advised that another election may be ordered at any time upon the

Honorable T. M. Trimble - Page 3

presentation of another petition signed by twenty, or a majority, of the legally qualified voters of the common school district desiring to withdraw from the consolidated district, if three years have elapsed after the date of the consolidation election.

Only residents of the common school district which desires to withdraw from the consolidated district may vote in the election.

Under the terms of Article 2815, supra, "each district when so restored, shall assume and be liable for its pro rata part of the outstanding financial obligations of the consolidated district, such pro rata part to be based on the relation of the total assessed valuation of property in the district bears to the total assessed valuation of property in the consolidated district, as shown by the assessment rolls of the district for the current year."

We regret the delay in answering this request for an opinion, but the letter was assigned to an assistant who is now in the Navy and after his departure it was discovered among his papers and has just been assigned to the writer.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *C. F. Gibson*

C. F. Gibson
Assistant

CFG/pw




APPROVED
OPINION
COMMITTEE
BY